UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 1:CR-01-193 |
| | ) |
| v. | ) (Judge Rambo) |
| | ) |
| JOHN MIZIC | ) |

# PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania and _____.

The defendant and counsel for both parties agree that notwithstanding <u>Blakely v. Washington</u>, 2004 WL 1402697 (June 24, 2004), the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended, will apply to the offenses to which the defendant is pleading guilty. Further, defendant agrees to be sentenced in accordance with the Sentencing Guidelines and agrees not to challenge the constitutionality of the Guidelines.

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 751, ESCAPE. The maximum penalty for the offense is imprisonment for a period of 5 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of

prosecution, imprisonment, probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense(s) charged in that count. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing, and the defendant waives the defendant's right, if any, to indictment by a grand jury and to have any of these sentencing issues determined by a jury beyond a reasonable doubt. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of these charges based upon, laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence imposed pursuant to this plea agreement.

2. The defendant agrees to waive indictment by a grand jury and plead guilty to a 2 Count felony information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That information will charge the defendant in Count 1 with a violation of Title 18, United States Code, Section 1344, BANK FRAUD. This charge will relate to the defendant's uttering and passing of forged and fraudulent checks that involved

federally insured financial institutions. The maximum penalty for that offense is imprisonment for a period of 30 years, a fine of $1,000,000, a maximum term of supervised release of up to 5 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100.00. That information will charge the defendant in Count 2 with a violation of Title 18, United States Code, Section 1708, POSSESSION OF STOLEN MAIL. The maximum penalty for that offense is imprisonment for a period of 5 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing, and the defendant waives the defendant's right, if any, to indictment by a grand jury and to have any of these sentencing issues determined by a jury beyond a reasonable doubt. In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of

limitations, or any other grounds.

    3. The defendant agrees to waive indictment by a grand jury and plead guilty pursuant to Rule 20 of the Federal Rules of Criminal Procedure to a 2 Count felony information which will be filed against the defendant by the United States Attorney for the _____. That information will charge the defendant in Count 1 with a violation of Title 18, United States Code, Section 1344, BANK FRAUD. This charge will relate to the defendant's uttering and passing of forged and fraudulent checks that involved federally insured financial institutions. The maximum penalty for that offense is imprisonment for a period of 30 years, a fine of $1,000,000, a maximum term of supervised release of up to 5 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100.00. That information will charge the defendant in Count 2 with a violation of Title 18, United States Code, Section 1708, POSSESSION OF STOLEN MAIL. The maximum penalty for that offense is imprisonment for a period of 5 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence

within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing, and the defendant waives the defendant's right, if any, to indictment by a grand jury and to have any of these sentencing issues determined by a jury beyond a reasonable doubt. In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.

4. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case.

5. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

6. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8. The defendant understands that the Court will impose a special assessment of $100.00 per count pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

9. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to

contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

10. The United States Attorney's Office agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. In addition, any United States Attorney's office which becomes a party to this agreement agrees that it will bring no additional charges against the defendant's wife or son as a result of the offenses described above, beyond those charges to which the defendant's wife has already entered a guilty plea. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

11. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the

court to allocate its resources efficiently. Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

12. Provided that the defendant truthfully cooperates with the government in identifying all losses resulting from the defendant's conduct and agrees to make restitution for those losses, and cooperates truthfully in the investigation and prosecution of any other wrongdoing as to which the defendant has knowledge, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's offense level, criminal history category, and sentence: The parties stipulate that the defendant's sentence should be 140 months imprisonment, **which shall run concurrently with any sentence imposed upon the defendant for related conduct in the Western District of Missouri,** followed by a 5 year term of supervised release, restitution in an amount to be determined by the Court and any special assessments required by law. The parties further agree that the Court may, but is not required to, consider reductions from this stipulated sentencing range for any prison back time owed by the defendant following his escape from custody. Each party reserves the right to advocate for or against such adjustments. **However**, the United States agrees that, if the defendant provides substantial assistance to the United States, the government will recommend that the defendant receive such credit so that the defendant's aggregate jail term on all offenses, and any prison back time owed by the defendant will total no more than 140 months. **Furthermore,** the United States agrees that, if the defendant provides

significant substantial assistance to the United States in the investigation and prosecution of others, the government may further request that the Court consider departing below the 140 month sentence otherwise stipulated by the parties. The nature and extent of such a departure request, if any, will be at the complete discretion of the United States. If at sentencing the court fails to accept the stipulations of the parties, and imposes a sentence greater than that agreed to by the parties in this paragraph of the plea agreement, then the defendant has the right to withdraw from this agreement and withdraw any guilty plea entered pursuant to this agreement. However, the parties agree that the Court will retain complete discretion in ruling upon any request for a departure below the sentence stipulated to by the parties.

13. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

>   (a) The defendant be prohibited from possessing a firearm or other dangerous weapon.
>
>   (b) The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.
>
>   (c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.
>
>   (d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house or similar facility.

(g) The defendant be placed under house detention.

(h) The defendant be ordered to perform community service.

(I) The defendant be restricted from working in certain types of occupation or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

14. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees

that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments.

15. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

16. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or

the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

17. The defendant understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States:

> (a) The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. The defendant also understands that the victim's comments and recommendations may be different than those of the parties to this agreement.
>
> (b) The federal prosecutor is required to consult with victims of serious crimes to obtain their views regarding the appropriate disposition of the case against the defendant and make the information regarding sentencing known to the Court. The defendant understands that the victim's opinions and recommendations may be different than those presented by the United States as a consequence of this agreement.
>
> (c) The federal prosecutor is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, personal injury or death.

18. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's

attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

19. The defendant agrees to cooperate fully with the United States. The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this agreement. Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. This may include submitting to interviews and testifying at proceedings after defendant has been sentenced in this matter. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States, **provided that those agencies agree to be bound by all of the terms and conditions of this plea agreement**. The United States agrees that any statements made by the defendant during the cooperation phase of this agreement shall not be used against the defendant in any subsequent prosecutions unless and until there is a determination by the Court that the defendant has breached this agreement. **The United States further agrees that these statements, and information derived from the statements, may not be used in any other proceedings if the Court ultimately declines at sentencing to accept the stipulations of the parties as set forth in paragraph 12 of this agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.**

Otherwise, however, the United States will be free to use at sentencing in this case any of the statements and evidence provided by the defendant during the cooperation phase of the agreement. Moreover, the parties agree that, although the defendant's statements made during the cooperation phase cannot be used against the defendant in any subsequent criminal prosecution, this provision shall not preclude the United States from requiring the defendant to submit to interviews by local, state or federal agencies which may use these statements in civil or administrative proceedings involving the defendant. The defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the Court will have the benefit of all relevant information.

20. The defendant, if requested by the attorney for the United States, agrees to submit to polygraph examinations by a polygrapher selected by the United States.

21. In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this agreement.

22. The parties agree that at any court hearings held to determine whether the defendant

has breached this agreement, the polygraph results and the polygrapher's conclusions and opinions shall be admissible. The parties also agree that such polygraph data shall be admissible at any sentencing hearings involving the defendant.

23. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the agreement:

>   (a)  The defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;
>
>   (b)  The United States will be free to make any recommendations to the Court regarding sentencing in this case;
>
>   (c)  Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;
>
>   (d)  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

24. The defendant has agreed to cooperate with the United States. As set forth in paragraph 12 of this agreement, upon completion of the cooperation, if the United States believes the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) or Section 5K1.1 of the United States Sentencing Guidelines, the United States

may request the Court to depart below any applicable mandatory minimum range and/or the guideline range when fixing a sentence for this defendant. In the event that the defendant renders substantial assistance, the United States specifically reserves the right to make a specific recommendation of a term of months to the District Court. However, the defendant acknowledges that the United States may decline to exercise its discretion and recommend a departure if the defendant breaches any of the provisions of this Agreement, or commits any other offense while awaiting plea or sentencing.

25. The defendant has agreed to cooperate with the United States by providing information concerning the unlawful activities of others. Given the stipulated prison sentence set forth in paragraph 12 of this agreement, the United States agrees that self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range except to the extent provided in this agreement. This provision, however, shall not be applied to restrict the use of information:

> (a) known to the United States prior to entering into the cooperation agreement;
>
> (b) concerning the existence of prior convictions and sentences;
>
> (c) in a prosecution for perjury, giving a false statement, or obstruction of justice;
>
> (d) in the event there is a breach of the cooperation agreement.

26. Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing

Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

27. Nothing in this agreement shall bind any other federal, state or local law enforcement agency, except those United States Attorney offices which have agreed to transfer charges to this district for plea and sentencing

28. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

29. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

30. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

31. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., _January 10, 2005_ otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

32. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

December 14, 2004         *[signature]*
Date                      Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

1-5-2005                  *[signature] V. Wade*
Date                      JAMES V. WADE
                          Counsel for Defendant

1-6-2005                  *[signature] Thomas A. Marino* BY MC
Date                      United States Attorney

_____          _____
Date                      United States Attorney

19